**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOSEPH N. WARD, II, #B-77077,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 14-cv-00509-MJR** |
| | ) |
| **JOHN HOFFMAN, MR. MORRIS,** | ) |
| **and MR. TOPE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Joseph N. Ward, II, an inmate at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He sues three correctional officers at Menard Correctional Center ("Menard") for using excessive force against him and failing to protect him in violation of the Eighth Amendment. Plaintiff seeks expungement of a disciplinary ticket, a prison transfer, and monetary damages (Doc. 1, p. 8).

**The Complaint**

In the complaint, Plaintiff sues Defendants Hoffman (lieutenant), Morris (officer), and Tope (officer), for events that transpired at Menard on or around June 10, 2012 (Doc. 1, pp. 1-2, 5). On that date, Defendant Hoffman sprayed Plaintiff with pepper spray (Doc. 1, p. 5). Defendants Morris and Tope witnessed the incident but failed to intervene and stop Defendant Hoffman from using the pepper spray (Doc. 1, p. 6).

Plaintiff suffers from chronic asthma and, upon inhaling the pepper spray, suffered a severe asthma attack (Doc. 1, p. 5). He collapsed. Menard's medical staff could not revive him. Plaintiff was rushed to Chester Memorial Hospital, where he "awakened" three days

later.  It was then that he learned what happened after being sprayed.  In addition to a severe asthma attack, Plaintiff sustained a bruised left shoulder and left cheek (Doc. 1, p. 7). He continues to suffer short term memory loss and trouble concentrating.

The complaint suggests that Defendants should have known about Plaintiff's asthma (Doc. 1, p. 5).  Plaintiff alleges that Menard received Plaintiff's medical records when he transferred there in 2008.  His medical records describe his diagnosis, treatment, and prescriptions.

Plaintiff now sues Defendant Hoffman for using excessive force against him, in violation of his Eighth Amendment rights (Doc. 1, p. 6).  He sues Defendants Morris and Tope for failing to intervene and stop Defendant Hoffman from using pepper spray, also in violation of Plaintiff's Eighth Amendment rights.  Plaintiff seeks to have his disciplinary record expunged (Doc. 1, p. 7).  He also seeks a prison transfer and monetary damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of

entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After carefully considering the allegations, the Court finds that the complaint fails to state a claim upon which relief can be granted and is subject to dismissal under § 1915A. However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file an amended complaint, according to the instructions set forth below.

## Discussion

Plaintiff sues all three defendants under the Eighth Amendment. His claim against Defendant Hoffman arises from the use of excessive force, in the form of pepper spray. The claims against Defendant Morris and Tope arise from their failure to stop Defendant Hoffman from using pepper spray.

The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners. It has long been recognized that the "core requirement" of an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to

3

maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

The Court cannot fully analyze Plaintiff's excessive force claim. This is because the complaint fails to describe any events preceding the use of pepper spray and Plaintiff's resulting asthma attack. Therefore, it is impossible to assess the need for an application of force, the amount of force used, or the threat that Defendant Hoffman reasonably perceived.

Further, the use of pepper spray does not constitute a *per se* violation of the Eighth Amendment. To the contrary, the Seventh Circuit has held that the use of a chemical agent that is necessary "to subdue recalcitrant prisoners does not constitute cruel and unusual punishment" and is not considered excessive force. *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984), *cert. denied*, 470 U.S. 1085 (1985); *Santiago*, 599 F.3d at 757. Therefore, Plaintiff cannot proceed on his excessive force claim on this basis alone.

Likewise, Plaintiff's physical response to the pepper spray does not automatically give rise to an Eighth Amendment claim. *See Young v. Breeding*, 929 F. Supp. 1103 (N.D. Ill. 1996) (holding that correctional officer's use of mace through slot in cell door did not violate Eighth Amendment despite exacerbating inmate's asthma attack where it was intended to subdue

4

a cellmate, not cause inmate harm).  Plaintiff does not allege that large quantities of mace were used, or that Defendant Hoffman's motivation for using the pepper spray was the wanton infliction of pain.  The complaint does not even allege that Defendants actually knew about Plaintiff's asthma or the severity of his condition.  Although his medical records were allegedly transferred to Menard in 2008, the Court cannot infer that Defendants, who are not part of Menard's medical staff, possessed actual knowledge of Plaintiff's severe asthma.  Without more, Plaintiff's excessive force claim against Defendant Hoffman fails, even at this preliminary stage.

Along with it, the failure to protect claim against Defendants Morris and Tope fails.  Jail officials "have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825 (1994).  This duty extends to the protection of prisoners from the excessive use of force by other officers. *See Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases).  Officials "incur liability for the breach of that duty when they [a]re 'aware of a substantial risk of serious injury to [an inmate] but nevertheless fail[] to take appropriate steps to protect him from a known danger.'" *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago*, 599 F.3d at 758-59.  As already addressed above, it is not at all evident from the allegations in the complaint that Defendants Morris or Tope had any knowledge of Plaintiff's condition or, for that matter, knowledge that the use of pepper spray would trigger a severe asthma attack.  In fact, the complaint alleges only that they failed to stop Defendant Hoffman from using pepper spray.  This is not enough to state an Eighth Amendment failure to protect claim against either Defendant Morris or Tope.

Based on the foregoing discussion, the complaint is subject to dismissal. However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file a "First Amended Complaint" addressing the defects in his pleading noted below, if he wishes to pursue his claims against Defendants. Plaintiff is **INSTRUCTED** to file a proper § 1983 complaint with this Court within 35 days of the date of this order. Failure to follow the Court's instructions will result in dismissal of this action for failure to state a claim under § 1915A. The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a § 1983 claim.

## First Amended Complaint

When filing his amended complaint, Plaintiff should label the pleading "First Amended Complaint." He should also use *this* case number. Plaintiff must indicate whether he is bringing this action pursuant to 42 U.S.C. § 1983 or some other law. Plaintiff should be careful to include sufficient facts to demonstrate that each defendant violated his rights— constitutional or otherwise. As the events giving rise to this action began in June 2012, Plaintiff must be mindful of the impending statute of limitations deadline for any state or federal claims and file his amended pleading with this Court, or a separate complaint in state court, before the statute of limitations expires.

## Pending Motion

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which is hereby **HELD IN ABEYANCE** until the Court receives Plaintiff's First Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff is

**GRANTED** leave to file his "First Amended Complaint" **on or before July 7, 2014.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case may be dismissed with prejudice.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 29, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**