IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH N. WARD, II, #B-77077, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00509-MJR |
| | ) |
| JOHN HOFFMAN, MR. MORRIS, | ) |
| and MR. TOPE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court for consideration of Plaintiff's amended complaint (Doc. 10), which he filed pursuant to 42 U.S.C. § 1983 on June 27, 2014. The Court dismissed Plaintiff's original complaint on May 30, 2014 (Doc. 6), because it failed to state a colorable claim under § 1983. However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint by July 7, 2014 (Doc. 6, pp. 6-7). The amended complaint is timely and is now subject to review under 28 U.S.C. § 1915A(a).

**The Amended Complaint**

Plaintiff is currently confined at Stateville Correctional Center ("Stateville") (Doc. 1, p. 1). The events giving rise to his claims occurred in June 2012 at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). Plaintiff sues three Menard officials, Defendants Hoffman, Morris, and Tope, in connection with these events.

According to the amended complaint, Plaintiff and his cellmate were involved in a verbal altercation at Menard on June 10, 2012 (Doc. 10, p. 7). A Menard staff member ordered both inmates to "cuff up." They complied.

At the time, Plaintiff was suffering from shortness of breath and reached for his asthma inhaler. When he did so, Lieutenant Hoffman asked Plaintiff what he was doing. Plaintiff explained, "I've got asthma. I'm reaching for my asthma pump" (Doc. 10, p. 7). In response, Lieutenant Hoffman stated, "I don't care what you're fu**in' reaching for. Stop fu**in' movin' around" (Doc. 10, p. 7).

An argument ensued, and Lieutenant Hoffman sprayed Plaintiff with pepper spray (Doc. 10, pp. 7-8). Lieutenant Hoffman, Officer Morris, and Officer Tope then "manhandled" Plaintiff and placed him in a chokehold (Doc. 10, pp. 7, 9). Plaintiff lost consciousness and fell, handcuffed, to the floor (Doc. 10, p. 7).

Plaintiff suffers from chronic asthma. Upon inhaling the pepper spray, he suffered a severe asthma attack (Doc. 10, pp. 8-9). He was rushed to Chester Memorial Hospital, where he lay in a coma for three days. When he regained consciousness on June 13, 2012, Plaintiff learned what happened after he was pepper-sprayed. In addition to a severe asthma attack, Plaintiff sustained a bruised right shoulder and left cheek (Doc. 10, pp. 7, 9, 12). He continues to suffer from short term memory loss and trouble concentrating (Doc. 10, p. 12).

After he was released from the hospital on June 13, 2012, Plaintiff transferred to Pontiac (Doc. 10, p. 9). There, he was placed under observation for eight days in Pontiac's health care unit. Just two hours after his release from the health care unit, Plaintiff was required to attend an adjustment committee hearing on a disciplinary ticket he received in connection with the June 10, 2012, incident (Doc. 10, p. 10). The disciplinary ticket allegedly contained false charges based on contradictory written statements. Plaintiff was found guilty of

the charged misconduct following a hearing,[1] in which he said, "I can't take pepper spray. I got asthma!" (Doc. 10, p. 10).  According to the amended complaint, this statement warranted a continuance of the hearing because it demonstrated that Plaintiff was "still disoriented." Plaintiff appealed the adjustment committee's decision unsuccessfully.

Plaintiff now sues Defendants Hoffman, Morris, and Tope under the Eighth Amendment, for using excessive force against him and failing to protect him (Doc. 10, pp. 10-11).  Plaintiff also raises a due process claim in connection with a false disciplinary ticket he received.  He seeks monetary damages, declaratory judgment, and injunctive relief (Doc. 10, pp. 6, 13-14).  Plaintiff requests a transfer to Pontiac's medium security unit (Doc. 10, p. 13). He also seeks to have his disciplinary record expunged (Doc. 10, pp. 11, 13).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Under this standard, the Court now finds that the amended complaint survives preliminary review.

**Discussion**

Plaintiff now sues Defendants Hoffman, Morris, and Tope for their use of excessive force (**Count 1**) against him and/or their failure to protect (**Count 2**) him from its use, in violation of the Eighth Amendment.  The Court previously articulated the applicable legal standard for each of these claims in its initial dismissal order (Doc. 6, pp. 3-5).  At the time, the

---

[1] Although an exhibit to the complaint indicates that Plaintiff received a six-month contact visits restriction and one year of C-grade, segregation, loss of good conduct credit, and audio-visual restriction, the amended complaint does not clearly set forth the punishment that Plaintiff ultimately received.

3

Court could not adequately assess either claim, based on the limited factual allegations in the complaint pertaining to each. The Court now finds that the amended complaint satisfies the threshold standard for each claim, based in part on Plaintiff's allegation that the use of pepper spray and physical force were unprovoked. While the Court takes no position on the ultimate merits of either claim, Plaintiff shall be allowed to proceed with **Count 1** and **Count 2** against Defendants Hoffman, Morris, and Tope at this early stage.

However, the amended complaint fails to state a claim against any Defendants for issuing Plaintiff a false disciplinary ticket (**Count 3**). Significantly, no particular Defendant is named in connection with this claim. The amended complaint simply alleges that a disciplinary report "was falsified" (Doc. 10, p. 8). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Having failed to identify who did what to cause a due process violation, the amended complaint fails to state a claim upon which relief can be granted.

Moreover, it has long been held that allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984); *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd 70 F.3d 117 (7th Cir. 1995). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. An inmate facing a disciplinary hearing is entitled to: (1) receive advance written notice of the charges against him; (2) appear in person before an impartial hearing body to contest the charges; (3) call witnesses and present documentary evidence in his defense

(subject to the discretion of correctional officials); and (4) receive a written statement of the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

No allegations in the amended complaint suggest that there was a *Wolff* violation or a lack of evidence to support the adjustment committee's decision. Plaintiff instead focuses on an argument that a continuance was warranted because of an allegedly "deranged" statement he made at the disciplinary hearing, i.e., "I can't take pepper spray. I got asthma!" (Doc. 10, p. 10). This is not enough to support a due process claim, even at this early stage. The statement does not suggest that Plaintiff was denied any of the procedural safeguards that are required by the Constitution. Accordingly, **Count 3** shall be dismissed without prejudice.

**Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which is hereby **REEFERRED** to **United States Magistrate Judge Stephen C. Williams** for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**AS TO COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **HOFFMAN, MORRIS,** and **TOPE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 5, 2014**

**s/ MICHAEL J. REAGAN**
**U.S. District Judge**
