IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH N. WARD II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 14-cv-0509-MJR-SCW |
| JOHN HOFFMAN, | ) |
| TIMOTHY MORRIS, | ) |
| and ADAM TOPE, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON POST-APPEAL MOTIONS**

**REAGAN, Chief Judge:**

Joseph Ward filed this prisoner civil rights suit in May 2014, pursuant to 42 U.S.C. 1983. He alleged that correctional officials used excessive force on him during a cell extraction. Portions of Ward's June 27, 2014 amended complaint survived threshold review, and the case proceeded. On June 23, 2015, the Court dismissed the case without prejudice, after finding that Ward had failed to fully exhaust administrative remedies before commencing the action (Doc. 53). Judgment was entered against Ward on June 26, 2015 (Doc. 54). On July 27, 2015, he filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit has assigned a case number for the appeal – Case Number 15-2678 – and a record on appeal has been prepared.

On August 11, 2015, Ward filed a motion for recruitment of counsel to assist with his appeal. Once a litigant has filed a notice of appeal, any request for recruitment/appointment of counsel should be presented to the Court of Appeals.

Accordingly, the Court **DENIES** Ward's post-appeal (August 11, 2015) motion for recruitment of counsel (Doc. 61).

Also before the Court is Ward's motion for leave to proceed in forma pauperis (IFP) on appeal. As explained below, the Court must **RESERVE RULING** on that motion (Doc. 62), pending supplementation by Ward.

28 U.S.C. 1915(a)(1) provides that a United States District Court may authorize commencement of a civil appeal without prepayment of fees, by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds, however, that pauper status cannot be granted if the appeal is not taken in good faith. *See also* **FED. R. APP. P. 24(a);** *Moran v. Sondalle,* **218 F.3d 647, 651 (7th Cir. 2000).**

The United States Court of Appeals for the Seventh Circuit has cautioned district courts not to apply an inappropriately high standard when making good faith determination. To conclude that an appeal is taken in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* **216 F.3d 626, 632 (7th Cir.),** *cert. denied,* **531 U.S. 1029 (2000),** *citing Lee v. Clinton,* **209 F.3d 1025, 1026 (7th Cir. 2000)**.

It appears that Ward's appeal is taken in good faith. But he has not supplied all information needed to grant IFP status on appeal. A party seeking leave to appeal in forma pauperis must attach to his motion an affidavit that not only shows his indigence but also claims entitlement to redress and "states the issues that the party intends to present on appeal." **FED. R. APP. P. 24(a)(1).** *See also* **28 U.S.C. 1915(a)(1) (person**

**seeking to appeal without prepaying fees must submit affidavit stating the nature of the appeal and affiant's belief that he is entitled to redress).**

In the case at bar, Ward provided a sworn form affidavit with financial information. Because he is incarcerated at Stateville Correctional Center, he also attached a statement showing the balance in his prison account since March 2015. He seems to have supplied less than the required six months of information and, more troubling, he signed the statement himself. Plaintiff has not provided the prisoner trust fund account information needed to determine whether he is entitled to proceed without prepaying fees and costs for the appeal. Pursuant to 28 U.S.C. 1915(b)(1), the Court must review the prisoner trust fund account statement for the *six-month* period immediately preceding the filing of the action or appeal.

Simply put, Ward has not furnished what is needed to document indigence for IFP purposes: "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." *See* Doc. 62, p. 1, pp. 3-5. He offered less than six months of financial information and did not have the statement certified/signed by an institutional officer.

Additionally, Plaintiff did not claim that he is entitled to relief from the Court of Appeals or *state the issues he intends to present on appeal*. **FED. R. APP. P. 24(a)(1); 28 U.S.C. 1915(a)(1)**. So the Court **RESERVES RULING** on Plaintiff's Motion for Leave to Appeal IFP (Doc. 62).

After this Order was drafted (and just before it was signed), Plaintiff filed a motion in this Court (Doc. 64, filed 8/13/15) which (a) is captioned as if it filed in the Court of Appeals, (b) but asks the undersigned for an extra 30 days to "file" a motion for IFP on appeal. Of course, Plaintiff already did file a motion for IFP on appeal, so the August 13, 2015 motion is partially moot. However, the motion also suggests that Plaintiff has asked prison officials for information needed for his IFP on appeal motion and was told it will take 21 days to "process the application." To the extent that the motion seeks an extension of time to supplement the motion for IFP on appeal (which is precisely what this Court has ordered), the Court will allow a 30-day period for supplementation. The Court **DENIES AS MOOT** in part and **GRANTS** in part Doc. 64.

**No later than September 13, 2015**, Ward shall file a "**Supplement to Motion for IFP on Appeal**" which:

> -- claims entitlement to redress and states the nature of his appeal (that is, describes the issue he wants to present on appeal); and

> -- attach to the supplement a copy of his trust fund account statement (or institutional equivalent) for the six-months preceding his appeal, with the statement certified by an institutional officer (not just signed by Ward).

If Plaintiff timely files the supplement to his motion for IFP on appeal, the undersigned promptly will review the materials and rule on the motion (Doc. 62). Failure to timely supplement will result in denial of the motion seeking pauper status on appeal.

IT IS SO ORDERED.
DATED August 13, 2015.

s/ Michael J. Reagan
Michael J. Reagan
Chief Judge
United States District Court
